UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Loretta Workman, ) | C/A No. 6:08-3429-RBH-WMC |
| ) | |
| Plaintiff, ) | |
| ) | **Report and Recommendation** |
| vs. ) | **For Partial Disposition** |
| ) | |
| James Cooper D-15 ) | |
| Israel Bailey A-45 ) | |
| Greenville County Sheriff's Office, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### Introduction

The plaintiff, Loretta Workman, proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983 based upon an allegedly unconstitutional search.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The defendant Greenville County Sheriff's Office should be summarily dismissed based upon immunity.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a portion of the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure

in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Liberally construed, the *pro se* plaintiff alleges that on November 12, 2006, she and her husband were forced to endure a search of their hotel room[2] without a warrant and without their giving consent. The plaintiff alleges that prior to the illegal search, in the presence of defendant Bailey, she and her husband were standing outside of the hotel waiting for the mother-in-law to deliver money to them which she did. Defendant Bailey saw which hotel room she and her husband had entered. The plaintiff alleges that officers Bailey and Cooper worked for the Greenville County Sheriff's Office and that they forced her husband to open the hotel room door and let them in so that they could search for some person. The plaintiff alleges that her husband asked for a warrant and resisted opening the door but that the defendants forced them to open the door by threatening to break it down if they did not open it. She also alleges that she and her husband were nude but the officers did permit them to get dressed (although Cooper looked at the nude plaintiff). The plaintiff alleges that while defendant Cooper stood inside the doorway defendant Bailey entered the room, looked around the room and bathroom, and then they both left.

It appears that the plaintiff claims that her Fourth Amendment right to be free from an unreasonable search was violated. However, a portion of this action is subject to dismissal because the plaintiff seeks $100,000.00 in damages only from a defendant that has Eleventh Amendment immunity. The complaint names the Greenville County Sheriff's

---

[2] It is not clear whether the plaintiff alleges that she and her husband resided in The Travelers Inn hotel room or if they were just visiting.

3

Office as a defendant. In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county. *Gulledge v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent), *aff'd,* 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville County Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state). As an agency of the state, the Greenville County Sheriff's Office is immune from suit under the Eleventh Amendment to the United States Constitution which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. *Stewart v. Beaufort County*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity.") Because this court does not have jurisdiction to entertain the plaintiff's suit against the defendant Greenville County Sheriff's Office, that defendant should be dismissed.

## Recommendation

Accordingly, it is recommended that the district court dismiss the defendant Greenville County Sheriff's Office *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). It is further recommended that the plaintiff be given twenty (20) days to amend her complaint as to damages sought from defendants Cooper and Bailey. **Plaintiff's attention is directed to the important notice on the next page.**

October 20, 2008                                         s/William M. Catoe
Greenville, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).