

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| LORETTA WORKMAN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:08-3429-HFF-WMC |
| | § | |
| JAMES COOPER, ISRAEL BAILEY, | § | |
| and the GREENVILLE COUNTY | § | |
| SHERIFF'S OFFICE, | § | |
| Defendants. | § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant Greenville County Sheriff's Office be dismissed from the case without prejudice and without issuance and service of process. The Magistrate Judge further recommended that Plaintiff be given twenty (20) days to amend her complaint as to damages sought from Defendants Cooper and Bailey. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 20, 2008, and Plaintiff filed her objections to the Report on November 4, 2008.

Plaintiff's objection to the Report states in its entirety: "The acts of the deputies are condoned as by the sheriff were so egregious as to constitute willful flouting of the Constitutional restrictions and arise to the level of congence [sic] waiver of the immunity granted by the Eleventh Amendment."

As recognized by the Supreme Court, there are only two situations in which an individual may sue a state entity: (1) where Congress has abrogated state immunity from suit and (2) where the state has waived its immunity by consenting to suit. *College Sav. Bank v. Florida Prepaidpostsecondary Ed. Expense Board*, 527 U.S. 666, 670 (1999). "While Congress may abrogate a State's Eleventh Amendment immunity by express statutory language, it has long been settled that 42 U.S.C. § 1983 . . . does not effect such an abrogation." *In re Secretary of the Dep't of Crime Control and Pub. Safety*, 7 F.3d 1140, 1149 (4th Cir. 1993) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)). Nor has Defendant Sheriff's Department consented to this lawsuit. Thus, Plaintiff's objections are without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendant Greenville County Sheriff's Office be **DISMISSED** from the case *without prejudice* and without issuance and service of process. Further,

Plaintiff shall have twenty (20) days to amend her complaint as to damages sought from Defendants Cooper and Bailey. The action will continue as to those defendants.

**IT IS SO ORDERED**.

Signed this 16th day of March, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.